UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NOBLE ROMAN'S, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00919-TWP-TAB |
| ) | |
| UNION VALLEY TIGER MART, ) | |
| ASIZ ASEFI, and JARROD URBAN, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO DISMISS**

This matter is before the Court on a Motion to Dismiss filed pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6), by Defendants Asiz Asefi ("Mr. Asefi") and Union Valley Tiger Mart Inc. ("Union Valley") (Filing No. 52). Following a dispute regarding the payment of royalties under a franchise agreement, Plaintiff Noble Roman's, Inc. ("Noble Roman's") filed an Amended Complaint against Mr. Asefi, Union Valley and Jarrod Urban ("Mr. Urban"), alleging (1) breach of contract, (2) violation of the Lanham Act, (3) deception under the Indiana Crime Victims Relief Act, (4) replevin, (5) account, (6) unjust enrichment, and (7) injunctive relief. (Filing No. 28.) On April 3, 2015, Mr. Asefi and Union Valley moved to dismiss the Amended Complaint based on lack of personal jurisdiction, improper venue, and failure to state a claim. Noble Roman's has failed to respond to the Motion to Dismiss. For the reasons stated below the Motion to Dismiss in **GRANTED**.

I.   **FACTUAL BACKGROUND**

Noble Roman's is in the business of franchising the operation of Noble Roman's pizza franchises throughout the world. On or about November 22, 2002, Noble Roman's and K. Jarrod Urban entered into a Franchise Agreement (the "Agreement"), which provided, among other

things, terms for the operation of a Noble Roman's franchise located at 5186 State Highway 276 W., Royse City, Texas 75189. Mr. Urban signed the Agreement on behalf of Union Valley, which was a convenience store owned by J&J Pitt Stop Inc. ("J&J Pit Stop"). On June 2, 2005, J&J Pit Stop and Mr. Urban sold all of its assets related to Union Valley, including the Agreement, to Mr. Asefi. Thereafter, on November 3, 2005, Mr. Asefi established Union Valley as a domestic for-profit corporation authorized to conduct business in the state of Texas. On April 2, 2014, Noble Roman's was informed by Union Valley that it would no longer purchase ingredients from Noble Roman's, sell or market Noble Roman's pizza at its location, or make any further royalty payments. (Amended Complaint [Dkt. 28] ¶ 41.) Noble Roman's filed the Amended Complaint which alleges the Defendants have caused a breach of the Agreement, failed to pay royalties due, and otherwise caused Noble Roman's to suffer damages.

## II.   LEGAL STANDARDS

**A.   Rule 12(b)(2)**

Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a claim where personal jurisdiction is lacking. After a defendant moves to dismiss under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Where the court determines personal jurisdiction based only on reference to submissions of written materials, the plaintiff simply needs to make a *prima facie* case of personal jurisdiction. *GCIU–Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). In determining whether the plaintiff has met the *prima facie* standard, the plaintiff is entitled to a favorable resolution of all disputed relevant facts. *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010). If the defendant has submitted evidence in opposition to the implementation of jurisdiction, however, "the plaintiff must go

beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 782-83. The evidence submitted by the defendant may include affidavits unless the affidavits merely contain conclusory assertions that the court lacks personal jurisdiction over the defendant. *Id.* at 783 n.13 (citing *Meier ex. rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002)). Thus, the court may go outside of the pleadings to decide a 12(b)(2) motion.

**B.    12(b)(3)**

Pursuant to Federal Rules of Civil Procedure, the defense of "improper venue" may at the option of the pleader be made by motion instead of a responsive pleading. Fed.R.Civ.P. 12(b)(3). The plaintiff bears the burden of showing facts significant enough to establish that venue is proper. *MicroMetl Corp. v. TranzAct Technologies, Inc.*, 2008 WL 2356511, *3 (S.D. Ind. June 5, 2008).

**C.    12(b)(6)**

To defeat a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, at 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v Iqbal*, 556 U.S. 662, 678, at 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. DISCUSSION

As part of its factual allegations, the Amended Complaint incorporates the franchise agreement between Noble Roman's and Union Valley and a demand letter from Noble Roman's to Mr. Asefi. (Filing No. 28-1 and Filing No. 28-2).

### A. Dismissal pursuant to Rule 12(b)(2)

To begin, the Court will address Noble Roman's allegation that it has personal jurisdiction under Fed. R. Civ. P. 4(k)(1)(A) because the parties have agreed "in writing that any action concerning a dispute between them relating to the agreement, which is the subject of this action, shall be submitted to a court in Indianapolis, Indiana." (Amended Complaint [Dkt. 28] ¶ 8, 9). Fed. R. Civ. P. 4(k)(1)(A) provides that serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located. In order for Fed. R. Civ. P. 4 to establish personal jurisdiction, the Court must be one of "general jurisdiction" which requires "continuous and systematic contacts with the forum," See *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). The Court finds that Noble Roman's has not pled sufficient facts to establish general jurisdiction over Mr. Asefi and Union Valley. Mr. Asefi is a resident of the state of Texas and Union Valley is a Texas corporation. The Amended Complaint does not allege that either Mr. Asefi or Union Valley conducted any business in Indiana or that Mr. Asefi has ever physically been to Indiana. Rather, the information before the Court is that Union Valley only operates in the state of Texas and only serves customers within the state of Texas.

Noble Roman's attempt to establish jurisdiction through the forum selection clause in the Franchise Agreement also fails to establish specific jurisdiction. Although the Franchise Agreement states that the agreement was executed and all transactions are deemed to have occurred in Indianapolis (Amended Complaint [Dkt. 28] ¶9), neither Mr. Asefi nor Union Valley were a party to the Franchise Agreement. (See Amended Complaint [Dkt. 28] Ex. I pg. 1, 30.) Accordingly, the Court finds that Noble Roman's has failed to allege sufficient facts to establish

personal jurisdiction over Mr. Asefi and Union Valley and the Motion to Dismiss must be **GRANTED**.

### B. Dismissal Pursuant to Rule 12(b)(3) and Rule 12(b)(6)

Even if this Court were to find that there are sufficient minimum contacts to establish personal jurisdiction, the Motion to Dismiss would still be granted as Noble Roman's has failed to meet its burden of showing facts significant enough to establish that venue is proper under Rule 12(b)(3) or that it has pled enough facts to state a claim to relief that is plausible on its face under Rule 12(b)(6).  As stated earlier, Noble Roman's failed to respond to the Defendants' Motion to Dismiss its claims for (1) breach of contract, (2) violation of the Lanham Act, (3) deception under the Indiana Crime Victims Relief Act, (4) replevin, (5) account, (6) unjust enrichment, and (7) injunctive relief.  Because of its failure to respond to Defendants' arguments, Noble Roman's has conceded the points and arguments in Defendants' brief.  See *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver," and "silence leaves us to conclude" a concession.); *Myers v. Thoman*, 2010 U.S. Dist. LEXIS 107502, at *11 (S.D. Ind. Oct. 6, 2010) ("The Seventh Circuit has clearly held that a party who fails to respond to points made . . . concedes those points."); *Cintora v. Downey*, 2010 U.S. Dist. LEXIS 19763, at *12 (C.D. Ill. Mar. 4, 2010) ("The general rule in the Seventh Circuit is that a party's failure to respond to an opposing party's argument implies concession."); *Sequel Capital, LLC v. Pearson*, 2010 U.S. Dist. LEXIS 109087, at *22 (N.D. Ill. Oct. 12, 2010) (same); *Thomas v. Am. Family Mut. Ins. Co.*, 2008 U.S. Dist. LEXIS 92440, at *13–14 (N.D. Ind. Nov. 13, 2008) (same). The factual allegations and the claims asserted in the Amended Complaint alone are insufficient to establish that venue is proper under Rule 12(b)(3) or to state a claim for relief that is plausible on its face under Rule 12(b)(6).

## IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** Union Valley's and Mr. Asefi's Motion to Dismiss (Filing No. 52).  The claims against Defendant Urban have not yet been resolved, therefore final judgment will issue in a separate judgement at the appropriate time.

**SO ORDERED.**

Date: 8/14/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Damon Mathias
MATHIAS CIVIL JUSTICE PLLC
damon@mcjlegal.com

Gabriel A. Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Stephen L. Fink
BARNES & THORNBURG – Fort Wayne
sfink@btlaw.com

Jason P. Wischmeyer
FARMERS INSURANCE EXCHANGE AND
AFFILIATED COMPANIES
jason.wischmeyer@farmersinsurance.com